UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GARY PARKER,

    Plaintiff,

v.                                                    CASE NO. 8:15-cv-401-T-23EAJ

BRYAN DARBY,

    Defendant.

_____/

## **ORDER**

Gary Parker sues (Doc. 2) for negligence and alleges that he sustained personal injuries while aboard Bryan Darby's boat. Darby moves (Doc. 3) to dismiss because the limitation for a maritime tort bars Parker's claim. Parker responds (Doc. 7) that the maritime limitation is inapplicable because "this is not a maritime case."

Admiralty jurisdiction exists where "the tort occurs on navigable waters and the tort bears a significant relationship to traditional maritime activity." *Sanders v. Placid Oil Co.*, 861 F.2d 1374, 1376–77 (5th Cir. 1988) (Jolly, J.) (citing *Foremost Ins. Co. v. Richardson*, 457 U.S. 668 (1982)); *see also Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995) ("[A] party seeking to invoke federal admiralty jurisdiction pursuant to 28 U.S.C. § 1333(1) over a tort claim must satisfy conditions both of location and of connection with maritime activity."). In other words, a party must satisfy both a "locality test" and a "nexus test." *Sea Vessel, Inc. v. Reyes*, 23 F.3d 345, 348 (11th Cir. 1994).

The locality test examines whether the tort occurred on navigable water. *Sea Vessel, Inc.*, 23 F.3d at 348. Darby's boat "was suspended in a boat lift over . . . St. Joseph's Sound" when the alleged tort occurred. (Doc. 3 at 3; Doc. 2-1 at 4) St. Joseph's Sound is navigable water. Further, "[t]hat the boat is raised above the water does not affect whether it is in 'navigable waters' for the purposes of maritime jurisdiction." *Hupp v. Danielson*, 2013 WL 3208588, at *3 (S.D. Tex. June 24, 2013) (Costa, J.); *see also Sea Vessel, Inc.*, 23 F.3d at 348 ("The Supreme Court has said that a vessel in dry dock is on water, not on land, for purposes of admiralty jurisdiction."). Thus, the alleged tort occurred on navigable water.

Under the nexus test, a party invoking admiralty jurisdiction must demonstrate (1) that the tort has a "potentially disruptive impact on maritime commerce" and (2) that a "substantial relationship" exists "between the activity giving rise to the incident and traditional maritime activity." *Sisson v. Ruby*, 497 U.S. 358, 362, 364 (1990). Parker alleges that he sustained "significant permanent injuries" while "cleaning" and performing "maintenance" on Darby's boat. (Doc. 2 ¶¶ 4, 5). "[A]n onboard injury which occurred during the . . . maintenance . . . of a vessel" potentially disrupts maritime commerce. *Alderman v. Pac. N. Victor, Inc.*, 95 F.3d 1061, 1064 (11th Cir. 1996).

The "substantial relationship" component of the nexus test considers the defendant's, rather than the plaintiff's, behavior. *Jerome B. Grubart, Inc.*, 513 U.S. at 539. Darby's conduct, which includes storing his boat on a boat lift, substantially

relates to traditional maritime activity. *Hupp v. Danielson*, 2013 WL 3208588, at \*4; *see also Sisson v. Ruby*, 497 U.S. at 365 (holding that storing a boat at a marina on navigable water substantially relates to traditional maritime activity). Also, Darby's maintenance of his boat substantially relates to traditional maritime activity. *See Sisson v. Ruby*, 497 U.S. at 365 ("[M]aintenance of a vessel . . . on navigable waters is substantially related to 'traditional maritime activity.'"); *Sea Vessel, Inc.*, 23 F.3d at 351 ("[R]outine repair of a vessel in a dry dock on navigable waters bears a significant relationship to a traditional maritime activity such that admiralty jurisdiction attaches.").

Because Darby satisfies both the locality test and the nexus test and because admiralty jurisdiction attaches, "it follows that substantive admiralty law applies." *Mink v. Genmar Indus., Inc.*, 29 F.3d 1543, 1547 (11th Cir. 1994). Under 46 U.S.C. § 30106, "a civil action for damages for personal injury . . . arising out of a maritime tort must be brought within 3 years after the cause of action arose."[1] Although the alleged tort occurred "[o]n or about October 25, 2011" (Doc. 2 ¶ 2), Parker waited

---

[1] In an attempt to avoid the three-year limitation, the plaintiff argues, "Title 46 U.S.C. § 30501 applies ONLY to seagoing vessels, but does not apply to pleasure yachts . . . ." (Doc. 7 at 2) However, Section 30501 merely defines the term "owner." Rather than citing Section 30501, the plaintiff might have intended to cite Section 30506, which excludes certain vessels from certain limits on liability. But Section 30506 does not alter the three-year limitation established in Section 30106. Further, "[t]he term 'vessel' in admiralty law is not limited to ships engaged in commerce." Thomas J. Schoenbaum, *Admiralty and Maritime Law*, Vol. 2, § 3-6 (5th ed. 2011). Thus, to the extent the plaintiff argues that admiralty jurisdiction cannot extend to a "recreational vessel," the argument fails.

until January 29, 2015, to sue.[2] The three-year limitation bars Parker's tort claim.[3] *Accord Mink*, 29 F.3d at 1548–49 ("Mink's attempt to recast his maritime tort claim in the form of a state law contract claim must fail in the face of the clear Congressional mandate of § 736a [the predecessor to Section 30106] that a uniform statute of limitations be applicable, and in the face of the well-recognized case law that the need for uniform maritime standards dictates application of the federal maritime law.").

Accordingly, Darby's motion (Doc. 3) to dismiss is **GRANTED**. The complaint (Doc. 2) is **DISMISSED WITH PREJUDICE**. The clerk is directed to terminate any pending motion and to close the case.

ORDERED in Tampa, Florida, on May 18, 2015.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[2] On September 12, 2013, Parker sued (Doc. 1-2 at 3–5) Darby in the circuit court for Hillsborough County, and the circuit court complaint is identical to the complaint in this action. On November 12, 2014, Parker voluntarily dismissed (Doc. 1-2 at 6) without prejudice the circuit court action, but "[t]he statute of limitations is not tolled by the commencement of an action that is later voluntarily dismissed without prejudice." *Moore's Federal Practice*, Vol. 8, § 41.33[6][d] (3d ed. 2013).

[3] Parker confusingly argues that the "saving to suitors" clause of 28 U.S.C. § 1333(1) "preserves a Plaintiff's right to a common law remedy, not necessarily to a non federal forum." (Doc. 7 at 4) Although the "savings to suitors" clause allows a plaintiff to litigate an *in personam* maritime tort in state court and to "preserve common law remedies such as a trial by jury," *Wilson v. Suzuki of Orange Park, Inc.*, 2005 WL 3372839, *4 (M.D. Fla. 2005) (Corrigan, J.), Parker fails to move to remand. Further, to the extent that removal of this action violates Section 1333(1), "the defect in removal . . . is a waivable defect, not implicating the Court's subject matter jurisdiction." *Wilson*, 2005 WL 3372839 at *5; *accord Joe Boxer Corp. v. Fritz Transp. Int'l*, 33 F. Supp. 2d 851 (C.D. Cal. 1998) (Baird, J.); *Dao v. Knightsbridge Int'l Reinsurance Corp.*, 15 F. Supp. 2d 567 (D.N.J. 1998) (Orlofsky, J.).